**Taylor BRANCH, Plaintiff,**

v.

**FEDERAL BUREAU OF INVESTIGATION, Defendant.**

**Civ. A. No. 86–1643.**

United States District Court, District of Columbia.

Aug. 30, 1988.

Katherine A. Meyer, Patti A. Goldman, Alan B. Morrison, Public Citizen Litigation Group, Washington, D.C., for plaintiff.

Jay B. Stephens, U.S. Atty., John D. Bates, Robert E.L. Eaton, Jr., Asst. U.S. Attys., for defendant.

OPINION

CHARLES R. RICHEY, District Judge.

This case began when plaintiff, a writer and historian, filed a Freedom of Information Act ("FOIA") request for documents and files that defendant had compiled between the years 1952 and 1963 on Stanley Levison, a friend and advisor to Dr. Martin Luther King, Jr. Defendant withheld some of the documents pursuant to Exemptions 1 (national security), 2 (internal personnel rules and practices), and 7 (investigatory records). On June 3, 1986, plaintiff filed this suit to obtain the withheld documents.

The Court has already considered most of the claims at issue in this case. On April 13, 1987, the Court partially granted defendant's motion for summary judgment with respect to information withheld pursuant to Exemption 1 and fully granted defendant's motion for summary judgment with respect to information withheld pursuant to Exemptions 2 and 7(C). The Court denied defendant's motion with respect to information withheld pursuant to Exemption 1 that defendant had categorized by Code "(b)(1)4b" in its *Vaughn* index and with respect to information withheld pursuant to Exemption 7(D) and ordered defendant to supplement its *Vaughn* index for these exemptions.

After examining defendant's supplemented *Vaughn* index, the Court found that defendant had met its burden as to all exemptions except for Exemption 1 (national security) and gave defendant the opportunity to renew its motion for summary judgment.[1]

On May 13, 1988, the Court denied defendant's renewed motion because it still possessed inadequate information to make a *de novo* determination about the applicability of Exemption 1 to the withheld documents. At that time, the Court also ordered defendant to submit copies of the withheld documents for an *in camera* in-

---

1. The only documents or portions of documents withheld pursuant to Exemption 1 that remain at issue are those that defendant categorized by code "(b)(1)4b" in its *Vaughn* index.

spection of a random sampling of the withheld material.[2]

Before inspecting the withheld material *in camera,* the Court had to resolve one pending matter. Defendant filed an *in camera* affidavit along with the documents that the Court requested for *in camera* inspection. Plaintiff then asked the Court either to strike the *in camera* affidavit from the record or to compel defendant to respond to plaintiff's discovery requests. *Motion to Strike Defendant's In Camera Declaration or in the Alternative Motion to Compel.* The Court will deny plaintiff's motion to compel discovery because the *in camera* affidavit furnishes the Court with no information additional to that already found in defendant's public affidavits and on the face of the documents defendant submitted for *in camera* inspection. *Defendant's Response to Plaintiff's Motion to Strike or in the Alternative to Compel* at 2. The Court will, however, grant plaintiff's motion to strike the *in camera* affidavit from the record.

After *in camera* examination of a substantial portion of the withheld material in conjunction with defendant's public affidavits as well as consideration of the underlying law, the Court now finds that defendant has satisfied its burden with respect to claiming Exemption 1 and is entitled to summary judgment.

Exemption 1 protects from disclosure matters that are "(A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order." 5 U.S.C. § 552. The language of Exemption 1 does not define the substantive standard for with-

holding information; it is necessary to turn to an Executive order to give the exemption meaning. *Goldberg v. U.S. Dep't of State,* 818 F.2d 71, 77 (D.C.Cir.1987).

■ The Executive Order currently in effect and the one applicable to this case is Executive Order 12,356. 47 Fed.Reg. 14,-874 (1982). Although Executive Order 12,-356 was not in effect when defendant initially classified these documents, defendant may reclassify documents under executive orders issued after its initial classification decision. *See, e.g., King v. U.S. Dep't. of Justice,* 830 F.2d 210, 216 (D.C.Cir.1987); *Afshar v. Dep't. of State,* 702 F.2d 1125, 1136 (D.C.Cir.1983). In fact, Executive Order 12,356 explicitly allows agencies to make classification and reclassification decisions upon receipt of a FOIA request. 47 Fed.Reg. 14,877–78.

■ In making its reclassification decision, defendant determined that the withheld documents contain information concerning intelligence activities, sources, and/or methods. *Declaration of Philip W. Thomas* at ¶ 6. Executive Order 12,356 not only allows the classification of such information, but also provides that the disclosure of this type of information is presumed to damage the national security.[3]

From its *in camera* inspection, the Court learned that the withheld documents conform to the descriptions provided in defendant's affidavits, that the documents have actually been classified and that there is a logical connection between their contents and Exemption 1. The Court is not, however, in a position to second-guess defendant's conclusions concerning the need for the continued classification[4] of these doc-

---

2. The withheld material consists of 863 pages. Included in this material are 2 lengthy documents; one is 177 pages long and the other is 144 pages long.

3. Section 1.3 of Executive Order 12,356 provides in pertinent part that:

Unauthorized disclosure of foreign government information, the identity of a confidential foreign source, or intelligence sources or methods is presumed to cause damage to the national security.

47 Fed.Reg. at 14,876.

4. Plaintiff has argued that the age of the documents casts doubt on the continuing validity of their classification. *Plaintiff's Opposition to Defendant's Renewed Motion for Summary Judgment* at 15. While the age of the documents should be considered, it is important to note that Executive Order 12,356 does not create a presumption favoring disclosure of documents once they reach a certain age. In response to the Court's Order of March 9, 1988, defendant has specifically addressed the age of the documents. Defendant filed an affidavit stating that continued classification is appropriate be-

uments. Instead, the Court is required to give defendant's affidavits " 'substantial weight,' considering the agency's 'unique insights into what adverse [e]ffects might occur as a result of public disclosure.' " *Goldberg v. U.S. Dep't of State*, 818 F.2d 71, 77 (D.C.Cir.1987) (*citing* S.Conf.Rep. No. 1200, 93rd Cong., 2d Sess. 9, 12 (U.S. Code Cong. & Admin.News 1974, pp. 6267, 6290). Therefore, the Court will defer to defendant's justification for nondisclosure.

### Conclusion

Because defendant has met its burden with respect to its Exemption 1 claim, the Court will grant defendant's motion for summary judgment. The Court will also grant plaintiff's motion to strike defendant's *in camera* affidavit, but will deny plaintiff's motion to compel discovery. The Court will issue an order of even date herewith memorializing these findings.

cause the documents contain information concerning individuals and/or Communist Party organizations that remain of interest to the FBI and various law enforcement agencies, intelligence methods and activities utilized by the FBI today, and identifying classified sources. *Declaration of Philip W. Thomas* at ¶ 6. Recognizing that defendant is in the unique position of

knowing what individuals and organizations remain of interest to it coupled with the presumption that the type of information defendant is withholding is presumed to endanger national security, the Court is satisfied with defendant's explanation for withholding the documents despite their age.